**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| i2 Technologies, Inc., and<br>i2 Technologies US, Inc.,<br><br>        Plaintiffs,<br><br>      v.<br><br>Oracle Corporation, and<br>Oracle USA, Inc.,<br><br>        Defendants. | Civil Action No. 6:09-CV-194-LED<br><br>JURY TRIAL REQUESTED |

## <u>DISCOVERY ORDER</u>

After review of the pleaded claims and defenses in this action and in furtherance of the management of the Court's docket under Fed. R. Civ. P. 16, and with the agreement of the parties, the Court enters the following Discovery Order:

1.  **Disclosures.**  By October 22, 2009, and without awaiting a discovery request, each party shall disclose to every other party the following information:

    A.  the correct name of the parties to the lawsuit;

    B.  the name, address, and telephone number of any potential parties;

    C.  the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

    D.  the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

    E.  any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action to indemnify or reimburse for payments made to satisfy the judgment;

    F.  any settlement agreements relevant to the subject matter of this action; and

    G.  any statement of any party to the litigation.

2.      **Additional Disclosures.**  Each party shall provide to every other party the following information:

    A.      the disclosures required by the Court's Patent Rules in accordance with the deadlines set forth in said rules and the Court's Docket Control Order;

    B.      to the extent any party pleads a claim for relief or defensive matter other than those addressed in the Patent Rules,[1] by December 11, 2009, and without waiting for a discovery request, a copy of all documents, data compilations and tangible things in the possession, custody or control of the party that are relevant to those additionally pleaded claims or defenses involved in this action.  By written agreement of all parties, alternative forms of disclosure may be provided in lieu of paper copies.  For example, the parties may agree to exchange images of documents electronically or by means of computer disk; or the parties may agree to review and copy disclosure materials at the offices of the attorneys representing the parties instead of requiring each side to furnish paper copies of the disclosure materials; and

    C.      by November 20, 2009, a complete computation of any category of damages by any party to the action, making available for inspection and copying (See Local Rule CV-34), the documents or other evidentiary materials on which such computation is based.

3.      **Testifying Experts.**  By the dates provided in the Docket Control Order, each party shall disclose to the other party:

    A.      the testifying expert's name, address and telephone number;

    B.      the subject matter on which the expert will testify;

    C.      a written report of the expert's opinions providing the information required by Fed. R. Civ. P. 26(a)(2)(B) and Local Rule CV-26(b)(1), or if the expert is not retained by, employed by, or otherwise subject to the control of the disclosing party, documents reflecting the expert's mental impressions and opinions;

---

[1]  The Patent Rules are Appendix M to the Local Rules which are available on the Court's website at www.txed.uscourts.gov.

4.    **Discovery Limitations.**

A.    **Number of Interrogatories.**  Each side may serve up to sixty (60) interrogatories on the other.  "Side" means a party or a group of parties with a common interest.

B.    **Requests for Production.**  Because documents relevant to any claim or defense are to be produced pursuant to the Patent Rules and paragraphs one and two of this Order, requests for production are unnecessary.  However, should a party believe that certain relevant documents have not been produced, that party may request said documents by letter.  The Court will entertain a motion to compel documents without the necessity of a movant propounding formal requests for production.

C.    **Number of Requests for Admissions.**  Each side may serve up to sixty (60) requests for admission relating to the substance of any issue raised in the case.  In addition, each side may serve an unlimited number of requests for admission for the purpose of authenticating documents.

D.    **Depositions.**  Each side may take up to 250 hours of depositions.

E.    **Expert Witnesses.**  The parties are limited to no more than eight testifying experts per side.  Each expert's deposition shall be limited to 9 hours per substantive topic (e.g., an Oracle non-infringement expert could be deposed for 9 hours and i2's validity expert could be deposed for 9 hours).  If, however, one expert's report(s) covers more than one topic (e.g., both infringement and validity, or both non-infringement and invalidity), then that expert may be deposed up to 13 hours to occur on consecutive days at the expert's option.  Any party may request use of additional experts at a later time for good cause.

F.    **Third Party Documents.**  The parties will serve each other with copies of any subpoena or deposition notice directed to a third-party on the same day the subpoena or notice is served on the third-party.  A party receiving documents from a third-party will provide copies of those documents to the other party within five (5) business days of receiving those documents.  No party will schedule the deposition of a third-party earlier than five (5) business days after providing the other party with copies of any documents received from that third-party.

G.    **Expert Discovery.**  The parties agree to the following with respect to Expert Discovery:

(1)    Oral and written communication between an expert witness for any party or parties, and the party or parties, or their attorneys or representatives employing such expert which are made in connection with the expert witness' engagement for this case are not discoverable, except to the extent that the expert relies upon them for his opinions.

(2)    Drafts of a report of an expert witness for any party or parties that are prepared in connection with the expert witness' engagement for this action are not discoverable.

(3)     All notes, memoranda and other writings of an expert witness that are prepared in connection with the expert witness' engagement for this case are not discoverable, except to the extent that the expert consults them or refreshes his or her memory with them while testifying at a deposition or at trial.

5.      **Privileged Information.**  There is no duty to disclose privileged documents or information.  However, the parties are directed to meet and confer concerning privileged documents or information after the Scheduling Conference.  By the dates provided in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information withheld as privileged and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection.  The parties shall not be required to disclose on their privilege logs documents created after this action was commenced.  The parties are not required to disclose on their privilege log any document exchanged between them and their counsel of record in this matter.  A party may move the Court for an order compelling the production of any documents or information identified on another party's privilege log.  If such a motion is made, the party asserting privilege must respond to the motion within the time period provided by Local Rule CV-7 and must within thirty (30) days after the filing of the motion to compel file with the Court any proof in the form of declarations or affidavits in support of the asserted privileges and tender the documents over which privilege is asserted for *in camera* inspection.

6.      **Pre-trial Disclosures.**  By the date provided in the Docket Control Order, each party shall provide to every other party the following disclosures regarding the evidence that the disclosing party intends to present at trial:

A.      The name and, if not previously provided, the address and telephone number, of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises.

B.      The designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.

C.      An appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

By the date provided in the Docket Control Order, a party may serve and file a list disclosing (1) any objections to the use under Rule 32(a) of a deposition designated by another party under subparagraph "B." above; and (2) any objections, together with the grounds therefore, that may be made to the admissibility of materials identified under subparagraph "C." above.  Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.

7.    **Signature.**  The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.

8.    **Exchange of Disclosures.**   If feasible, counsel shall meet to exchange disclosures required by this order; otherwise, such disclosures shall be served as provided by Fed. R. Civ. P. 5.

9.    **Notification of the Court.**  The parties shall promptly file a notice with the Court that the disclosures required under this order have taken place.

10.   **Duty to Supplement.**   After disclosure is made pursuant to this Discovery Order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

11.   **Protective Order**. By October 19, 2009, the parties will submit to the Court an agreed upon proposed protective order or competing proposed protective orders if the parties are unable to agree on a single proposed protective order.

12.   **Rules of Practice**. The Court's rules of practice for patent cases are on the Court's website at www.txed.uscourts.gov.

13.   **Discovery Disputes**.

    A.    Except in cases involving claims of privilege, a party entitled to receive disclosures may, after the deadline for making disclosures, serve upon the party required to make disclosures, a written statement, in letter form or otherwise, of any reason why the party entitled to receive disclosures contends that the disclosures are insufficient.   The written statement must list, by category, the items the party entitled to receive disclosures contends should be produced.   The parties must promptly meet and confer and attempt in good faith to resolve the disputed items.   If the parties are unable to resolve their dispute, the party required to make disclosures shall, within fourteen (14) days after service of the written statement upon it, serve upon the party entitled to receive disclosures a written response, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed.   After receiving such response, the party entitled to receive disclosures may file a motion to compel production of the disputed items.

    B.    Counsel are directed to contact the chamber of the undersigned for any "hotline" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(f).   If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(f).

14.   **Discovery Conferences.**

Within 72 hours of the Court setting any discovery motion for hearing, each party's lead trial counsel and local counsel shall meet and confer in person or by telephone in an effort to resolve the dispute without Court intervention.   Counsel shall promptly notify the Court of the results of the meeting.   Attendance by proxy is not permitted.   Unless excused by the Court, lead counsel shall attend any discovery hearing set by the Court.

15.   **No Excuses.**   A party is not excused from the requirements of this Discovery Order because it has not fully completed is investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures.   Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand, or to change venue.   Parties asserting the defense of qualified immunity may submit a motion to limit disclosure to those materials necessary to decide the issue of qualified immunity.

16.   **Courtesy Paper Copies**.   Paper copies will not be accepted by this Court unless specifically requested or as provided below.

17.   **Hearing Notebooks**. Within the exceptions of providing notebooks to the appointed technical advisor, hearing notebooks are no longer required or requested.   However, the Court may request hearing notebooks in specific instances.

**So ORDERED and SIGNED this 22nd day of October, 2009.**

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**