**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| i2 Technologies US, Inc., and<br>i2 Technologies, Inc.,<br><br>       Plaintiffs,<br><br><br>       v.<br><br>Oracle Corporation, and<br>Oracle USA, Inc.,<br><br>       Defendants. | <br><br><br><br>Civil Action No. 6:09-CV-194-LED<br><br>JURY TRIAL REQUESTED |

## AGREED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court hereby orders the parties to abide by this Protective Order.  This Protective Order is necessary and useful to protect the confidentiality of documents and other information obtained in the course of discovery in this action**.**  Unless modified pursuant to the terms contained in this Protective Order, this Protective Order shall remain in effect through conclusion of this action.

IT IS THEREFORE ORDERED THAT:

## SCOPE OF PROTECTIVE ORDER

This Protective Order shall govern the handling of documents, depositions, deposition exhibits, testimony, transcripts, interrogatory responses, responses to requests for admissions, pretrial testimony, affidavits, affidavit exhibits, pleadings, briefs, memoranda, expert reports, materials introduced into evidence, and any other information produced, furnished or disclosed by any party or third party to any other party in Civil Action No. 6:09-CV-194.

## USE OF PRODUCED MATERIAL GENERALLY

All designated information shall be used solely for the purposes of preparation, trial and appeal of this action, or any Party negotiations relating to this action, and for no other purpose, absent further order of the Court or written consent of the Producing Party.  However, nothing herein shall prevent or in any way limit disclosure, use or dissemination of any documents, things or information that are in the public domain.

## INFORMATION SUBJECT TO THIS PROTECTIVE ORDER

1.      All documents, materials, items, and/or information produced either by a Party, Parties or a non-Party (such Parties and non-Parties referred to individually as a "Producing Party") to any of the Parties in this case (a "Receiving Party") shall be governed by this Protective Order.  For purposes of this Protective Order, "Party" shall be defined to include all entities named in the above-captioned complaint, and "non-Party" shall include any entity subject to any discovery demand or subpoena giving rise to the production of documents, materials, items, and/or information governed by this Protective Order.

2.      A Producing Party may designate any information or materials it produces in this action as (1) "CONFIDENTIAL;" (2) "ATTORNEYS' EYES ONLY" or (3) "ATTORNEYS' EYES ONLY – SOURCE CODE" under the terms of this Protective Order (collectively referred to herein as "Protected Information").   Absent a specific order by this Court, Protected Information shall be used by a Receiving Party solely in connection with this action and will be subject to the restrictions set forth in this Protective Order.  Protected Information shall not be made available, nor the contents thereof disclosed, to persons other than as set forth in this Protective Order.  Protected Information shall not be used for any business, competitive, or governmental purpose or function or for any other litigation, and such information shall not be

disclosed to anyone except as provided herein.  All Protected Information shall be carefully maintained by the Receiving Party in secure facilities, and access to such Protected Information shall be permitted only to persons having access thereto under the terms of this Protective Order. A Producing Party designating information with the foregoing designations must have a good faith belief that the information meets the definition of Protected Information as set forth herein.

3.     For purposes of this Protective Order, "CONFIDENTIAL INFORMATION" shall mean all information or material produced by a party or pursuant to a court order that the Producing Party considers in good faith to constitute or to contain trade secrets or other confidential research (including financial, technical, marketing, product planning or industry analyses), development or commercial information, whether embodied in physical objects, documents or the factual knowledge of persons, and which has been so designated by the Producing Party in a manner consistent with this Protective Order and which the Producing Party believes in good faith may cause harm if disclosed.

4.     Any document or tangible thing containing or including any CONFIDENTIAL INFORMATION may be designated as such by the Producing Party by marking it "CONFIDENTIAL" prior to or at the time copies are furnished to the Receiving Party.  The following persons shall have access to documents designated "CONFIDENTIAL":

(a)     Outside litigation counsel of record and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, clerks, secretaries, and clerical and administrative personnel;

(b)     Internal counsel associated with a party and up to two employees or officers of a party who either have responsibility for making decisions dealing directly with

the litigation of this action or who are assisting outside counsel in preparation for proceedings in this action ("Corporate Designee(s)");

With respect to Corporate Designees:

(i)     Written notice, either electronically (electronic mail or facsimile) or by first class mail, must be given to all parties of such designation and must provide a description of the Corporate Designee's title and responsibilities.

(ii)    Any Party may object to the designation of a Corporate Designee within ten (10) calendar days from the date of facsimile or electronic mail service of the materials and information, plus three (3) additional calendar days if service is made by mail.  Such objection must be for good cause, stating with particularity the reasons for the objection, and must be in writing served on the Party or Parties proposing the designation of the Corporate Designee.  Subject to subparagraph (iv) below, Protected Information of a Producing Party shall not be disclosed to a Corporate Designee during the foregoing period for objection.  Failure to object within the period referenced in this Paragraph shall constitute approval.

(iii)   If a written notice of objection is served, no Protected Information of the Producing Party shall be disclosed to the proposed Corporate Designee until the objection is resolved by agreement or by an order of the Court.  Following service of the written notice of objection and if the objection has not been resolved by agreement of the parties, the objecting party shall move the Court, within fourteen (14) calendar days of serving such notice, for a ruling on its objection.  A failure to file a motion within the fourteen

(14) day period shall operate as an approval of disclosure of the Protected

Information to the Corporate Designee.

(c)     The Court, its personnel and stenographic reporters, potential jurors, jurors, and

alternate jurors;

(d)     Independent legal translators retained to translate in connection with this action;

independent court reporters and videographers retained to record and transcribe

testimony given in connection with this action; independent copying, scanning,

technical support and electronic document processing services retained by counsel

in connection with this action; graphics, translation, or design services retained by

counsel for purposes of preparing demonstrative or other exhibits for deposition,

trial or otherwise in connection with this action; and non-technical jury or trial

consulting services retained by counsel in connection with this action, provided,

however, that such person has signed the acknowledgement form annexed hereto as Exhibit A

agreeing to be bound by the terms of this Protective Order or has executed a binding contract

with the Party or Party's counsel that retained him/her that requires treatment of confidential

information in a manner equivalent to the requirements of this Protective Order; and

(e)     Experts or consultants of the parties, including other counsel, and their secretarial

and clerical personnel, retained to assist counsel in this case and who have

complied with the provisions of Paragraph 12 herein and who have

signed the form attached hereto as Exhibit A.

5.     All CONFIDENTIAL INFORMATION not reduced to documentary, tangible or

physical form or which cannot be conveniently designated as set forth in Paragraph 2, shall be

designated by the Producing Party by informing the Receiving Party of the designation in

writing.  In the event the Producing Party elects to produce original documents or other material for inspection, no markings need be made by the Producing Party in advance of the inspection. During the inspection, all such documents or other material shall be considered as marked "ATTORNEYS' EYES ONLY."  After selection by the Receiving Party of specified documents or material for copying, the Producing Party shall make the appropriate copies, and the appropriate confidentiality designations shall be placed on the specified documents or materials prior to providing the copies to the Receiving Party.

6.     The following information is not CONFIDENTIAL INFORMATION:

a.     Any information which at the time of disclosure to a Receiving Party is in the public domain;

b.     Any information which, after its disclosure to a Receiving Party, becomes part of the public domain as a result of publication not involving a violation of this Order;

c.     Any information that the Receiving Party can show was already known to it prior to the disclosure, so long as the information was obtained lawfully and without violating this Order;

d.     Any information that the Receiving Party can show was received by it from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party; and

e.     Any information that the Receiving Party can show was independently developed by it  by personnel who did not have access to the Producing Party's CONFIDENTIAL INFORMATION.

## ADDITIONAL RESTRICTIONS ON CERTAIN INFORMATION

7.    CONFIDENTIAL INFORMATION may be designated "ATTORNEYS' EYES ONLY."  The "ATTORNEYS' EYES ONLY" designation is reserved for CONFIDENTIAL INFORMATION that constitutes, includes or reflects proprietary technical data or highly sensitive commercial or financial information of a non-Party or Party.  Documents designated "ATTORNEYS' EYES ONLY" and information contained therein shall be available only to those persons identified in sections (a), (c), (d), and (e) of Paragraph 4 herein.

8.    From the date of the entry of this Protective Order, until eighteen (18) months after a final, non-appealable judgment or order or the complete settlement of all claims asserted against all Parties in this litigation, any attorney who is outside counsel or any patent agent or consultant subject to this Protective Order who obtains, receives or otherwise learns technical information of a party that is designated as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY – SOURCE CODE" shall not participate, directly or indirectly, in the acquisition, preparation or prosecution of the patents-in-suit or of any patent or patent application, whether new or currently pending, that is reasonably related to the patents-in-suit or the subject matter thereof.  Nothing in this Protective Order shall prevent or preclude other attorneys or patent agents in the law firms representing the parties in this action who have not been exposed to or otherwise seen, reviewed, discussed or accessed any materials, testimony or information designated hereunder as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY – SOURCE CODE" from participating, directly or indirectly, in the activities described above.  Moreover, nothing in this Protective Order shall prevent or preclude an attorney having access to such information from serving as billing or client attorney on matters involving the activities described above and being handled by other attorneys or

patent agents in such attorney's firm, so long as such attorney does not otherwise participate substantively in the proscribed activities.

## SOURCE CODE

9.      The parties recognize that software can be highly valuable and must be maintained in confidence.  Such software and in particular readable software in the form of source code or assembly code, including excerpts, is collectively referred to herein as "Source Code."  The defined term "Source Code," as used herein, shall not include publicly available documents legally obtained by a party from the Patent Office or Copyright Office.

10.     Designating, Marking and Producing SOURCE CODE.  All Source Code that is provided by a Producing Party in this Action and marked "ATTORNEYS' EYES ONLY – SOURCE CODE" shall be subject to no less than the disclosure and dissemination restrictions applicable to materials designated as "ATTORNEYS' EYES ONLY" and shall be subject to the following additional protections given the particularly sensitive nature of the information:

a.      Any Source Code that is produced shall be made available for inspection, upon written request and with reasonable notice, at the offices of the Producing Party's outside counsel of record, or at an otherwise mututally agreeable secure location, at a date and time mutually agreed to by the Parties.  The Receiving Party shall be restricted to a reasonable number of inspections.

b.      The Source Code shall be made available for inspection on a stand-alone computer ("the Source Code Computer") in a private room.  The Source Code Computer shall not have access to any networks or other computers, including the Internet, and the Producing Party shall provide and install tools or programs necessary to view the code produced on the Source Code Computer.

c.      The Receiving Party's outside counsel and/or technical advisors shall be entitled to take notes relating to the Source Code but may not copy the Source Code into the notes.   Any notes taken pursuant to this subparagraph by outside counsel and/or technical advisors shall be treated as Source Code but are not discoverable.   The Receiving Party shall not copy, remove, transmit, or otherwise transfer any Source Code from the Source Code Computer, including without limitation copying, removing, transmitting, or transferring any Source Code to any other computers or peripheral equipment.   The Source Code Computer shall always be maintained and secured at the offices of the Producing Party's outside counsel, under the control of the Producing Party's outside counsel, or at an otherwise mututally agreeable location where access to the Source Code Computer is under the control of the Producing Party's outside counsel and subject to the protections outlined in this Protective Order.   Only persons identified in sections (a), (c), (d) and (e) of Paragraph 4 herein shall have access to the Source Code Computer.

d.      Unless agreed otherwise in advance by the Parties in writing, following each inspection, the Receiving Party's outside counsel and/or technical advisors shall remove all notes, documents, laptops and other materials from the room that may contain work product and/or attorney-client privileged information.   The Producing Party shall not be responsible for the physical safety of any items left in the room following each inspection session; however, nothing in this paragraph overrides the Producing Party's ethical obligations with respect to such materials.

e.      Following inspection, the Receiving Party may identify limited relevant portions of the Source Code that the Receiving Party deems reasonably necessary to prepare its case.   The Producing Party shall produce within seven (7) calendar days a paper copy of the

limited relevant portions of the Source Code identified by the Receiving Party directly to the Receiving Party's outside counsel of record, and the paper copy shall be marked "ATTORNEYS' EYES ONLY – SOURCE CODE." The parties may, at a later date, agree in writing to alternate production arrangements;

f.      The Receiving Party's outside counsel of record shall maintain and store the paper copy of the Source Code at their offices in a secure manner that prevents duplication of or unauthorized access to the Source Code including, for example, storing the Source Code in a locked room or cabinet at all times when it is not in use;

g.      The Receiving Party may not create electronic images of the Source Code from the paper copy (e.g., may not scan the Source Code to a PDF) except that the Receiving Party may create an electronic copy or image of selected portions of the Source Code only when reasonably necessary to accomplish any filing with the Court or to serve any pleadings or other papers on any other Party (including expert reports). Images or copies of Source Code shall not be included in correspondence between Parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein;

h.      The Receiving Party's outside counsel may make no more than three (3) additional paper copy of the Source Code, which shall be maintained in the manner set forth in subsection (f) above;

i.      The Receiving Party's outside counsel may disclose a copy of the printed portions of Source Code only to the following individuals:

(1)      The outside attorneys working on this action on behalf of any Party, any paralegals and administrative or clerical employees of such outside attorneys, and any

copy or other clerical litigation support services working at the direction of any of such outside attorneys, paralegals or clerical employees;

(2)     Any person not employed by a Party who is expressly retained by any attorney described in Paragraph 12 to assist in preparation of this action for trial as a consultant (e.g., a technical consultant) or testimonial expert, with disclosure only to the extent necessary to perform such work; provided, however, that such person has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Protective Order, and no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth herein;

(3)     Court reporters, stenographers and videographers retained to record testimony taken in this action;

(4)     The Court, jury, and court personnel;

(5)     Graphics, translation and design and/or trial consulting services retained by a Party; provided, however, that such person has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Protective Order; or

(6)     Any other person with the prior written consent of the Producing Party; provided, however, that such person has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Protective Order;

j.     The Receiving Party may include excerpts of Source Code in a pleading, exhibit, expert report, discovery document, deposition, other Court document, or any drafts of these documents ("Source Code Documents").  The Receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code is used.  As an example, excerpts of approximately 25 to 40 lines in length would be allowed.

k.      To the extent portions of Source Code are quoted in a Source Code Document, either (i) the entire document will be marked "ATTORNEY' EYES ONLY – SOURCE CODE" or (ii) those pages containing quoted Source Code will be separately bound and marked "ATTORNEY' EYES ONLY – SOURCE CODE."  All Source Code Documents shall be filed under seal.

l.      All paper copies containing Source Code shall be securely destroyed if they are no longer necessary to the litigation.  Copies of Source Code that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record shall identify the exhibit by its production number(s).

m.      No Receiving Party may copy Source Code onto any form of electronic media, including without limitation, hard drives, removable electronic media (such as diskettes, CD-ROM, DVD, PC card, flash media, etc.), or network servers, except (i) to the extent loaded into RAM or virtual RAM as required by a computer's operating system for viewing or analysis purposes, (ii) to the extent the Source Code is used to create a Source Code Document, or (iii) as otherwise explicitly provided herein.

n.      Source Code may not be transported or transmitted electronically over a network of any kind, including over a local area network (LAN), intranet, or the Internet

o.      Nothing in this Protective Order shall obligate the Parties to produce any Source Code or act as an admission that any particular Source Code is discoverable.

11.     APPROVAL OF PROPOSED PERSONS FOR ACCESS TO SOURCE CODE.

a.      At least fourteen (14) calendar days prior to the date on which access is sought for the first time to Source Code, counsel of record for the Receiving Party shall identify to the

Producing Party the person(s) (including attorneys) seeking access to such material and provide, to the extent said person is not counsel of record, that person's current curriculum vitae.

b.       A Producing Party shall have ten (10) calendar days from the date of facsimile or electronic mail service of the notice, plus three (3) additional calendar days if service is made by mail, to object to a proposed person.  Such objection must be for good cause, stating with particularity the reasons for the objection, and must be in writing served on all Parties.  Failure to object within the period referenced in this Paragraph shall constitute approval.  If a written notice of objection is served, no access to Source Code by the proposed person shall be permitted until the objection is resolved by agreement or by an order of the Court.

c.       In the event that the Producing Party serves a written notice of objection, the party seeking to prevent access to Source Code for the proposed person bears the burden of seeking an order of the Court.  Within ten (10) calendar days of receiving such notice, the objecting party shall move the Court for a ruling on its objection.  The objecting party shall have the burden of showing to the Court "good cause" for preventing the disclosure of its Source Code to the proposed person.  This "good cause" shall include a showing that: (1) the Source Code is confidential commercial information; and (2) disclosure of the Source Code to the proposed person could result in a clearly defined and material injury to the objecting party's business.  A failure to file a motion within the ten (10) day period shall operate as an approval of disclosure of the Source Code.

## DISCLOSURE TO EXPERTS

12**.**       A Party that seeks to disclose Protected Information to an expert who is actively assisting in the preparation for and/or trial of the case must, at least seven (7) calendar days in advance of such disclosure, provide written notice to the Producing Party that: (1) identifies the

name of the expert; (2) attaches a current copy of the expert's resume; (3) identifies each person or entity from whom the expert has received compensation for work in his or her areas of expertise or to whom the expert has provided professional services at any time during the preceding four (4) years; and (4) identifies (by name, case number, filing date, and location of court) any litigation in connection with which the expert has provided any professional services during the preceding four (4) years.  However, if disclosure of either the identity of the entity for which the work is being or has been performed or the subject matter of that work, or both, is deemed proprietary and/or privileged, then the fact that certain information is being withheld on that basis shall be disclosed.

13.    Any expert having access to Protected Information shall be given a copy of this Protective Order and such expert must agree to be bound by this Protective Order.  Before any disclosure of Protected Information occurs, such expert shall execute the form attached hereto as Exhibit A.  Outside Counsel for the Receiving Party with whom such expert is affiliated or by whom he/she is retained shall maintain the signed Exhibit A.

14.    A Party objecting to disclosure of Protected Information to an expert shall state with particularity the ground(s) of the objection and the specific categories of documents that are subject to the objection.  The objecting party's consent to the disclosure of Protected Information to an expert shall not be unreasonably withheld, and its objection must be based on that party's good faith belief that disclosure of its Protected Information to the expert will result in improper business or economic harm to that party.

15.    If, after consideration of the objection, the party desiring to disclose the Protected Information to an expert refuses to withdraw the expert from consideration, that party shall provide written notice to the objecting party.  Thereafter, the objecting party shall move the

Court, within ten (10) calendar days of receiving such notice, for a ruling on its objection.  A failure to file a motion within the ten (10) day period shall operate as an approval of disclosure of the Protected Information to the expert.

16.     The objecting party shall have the burden of showing to the Court "good cause" for preventing the disclosure of its Protected Information to the expert.  This "good cause" shall include a showing that: (1) the Protected Information is confidential commercial information; and (2) disclosure of the Protected Information to the expert could result in a clearly defined and material injury to the objecting party's business.

### CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

17.     The Parties will use reasonable care when designating any documents, material or other information as "CONFIDENTIAL;" "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SOURCE CODE."  Nothing in this Protective Order shall prevent a Receiving Party from contending that any or all documents, material or information designated as "CONFIDENTIAL;" "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SOURCE CODE" have been improperly designated.  A Receiving Party may at any time request that the Producing Party cancel or modify the confidentiality designation with respect to any such document, or the information contained therein.

18.     A Party shall not be obligated to challenge the propriety of a "CONFIDENTIAL;" "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SOURCE CODE" designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  Such a challenge shall be written, shall be served on counsel for the Producing Party, and shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the reasons for that contention.  The Parties shall

use their best efforts to promptly and informally resolve such disputes.  If agreement cannot be reached, the Receiving Party may file a motion requesting that the Court cancel or modify a "CONFIDENTIAL;" "ATTORNEYS' EYES ONLY**"** or "ATTORNEYS' EYES ONLY – SOURCE CODE" designation.  The burden of demonstrating the confidential nature of any information shall at all times remain with the Producing Party.

## LIMITATIONS ON THE USE OF PROTECTED MATERIAL

19.     Protected Information shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation, shall not be used for any business purpose, and shall not be disclosed to any person who is not entitled to receive such information as herein provided.  All such information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

20.     Nothing in this Protective Order shall preclude any Party to this lawsuit or their attorneys from (1) showing a document or documents designated as "CONFIDENTIAL;" "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SOURCE CODE" to an individual who either authored or was copied on the distribution of the document, as indicated on the document's face, prior to the filing of this action or (2) disclosing or using, in any manner or for any purpose, any information or documents from the Party's own files which the Party itself has designated "CONFIDENTIAL;" **"ATTORNEYS' EYES ONLY"** or "ATTORNEYS' EYES ONLY – SOURCE CODE."

21.     Except as may be otherwise ordered by the Court or otherwise prohibited by law, Protected Information may be made available, or the contents thereof disclosed, to any person testifying ("witness") at depositions, hearings and trial, so long as

(a)      it appears the witness previously has seen or received the Protected Information, either because the document identifies the witness as an author, recipient or copyee or because the document comes from the files of the witness;

(b)      the lawyer disclosing such Protected Information has a reasonable, good faith belief based upon the witness' testimony or the testimony of other witnesses that the witness has had previous access to the Protected Information;

(c)      the Producing Party agrees in writing that the witness may have access to the Protected Information for purposes of his or her testimony at trial and/or at deposition; or

(d)      the witness is employed by the Producing Party.

22.      Unless otherwise prohibited by this Order, the parties may transmit or communicate Protected Information between or among qualified recipients by (1) hand delivery, (2) in sealed envelopes via mail or delivery service, or (3) by telephone, facsimile, electronic mail, or other electronic transmission.

23.      DESIGNATION OF DEPOSITION TESTIMONY.  A Party or non-Party may designate information disclosed during a deposition as Protected Information by so indicating on the record at the deposition, as appropriate.  A Party or non-Party may also designate in writing, within thirty (30) calendar days of the receipt of the official transcript (the "Designation Period"), that the deposition be treated as Protected Information.  Until the Designation Period has elapsed for a given transcript, that transcript shall be treated as "ATTORNEYS' EYES ONLY."  When information contained or incorporated in a deposition transcript is designated as "CONFIDENTIAL;" "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY - SOURCE CODE," arrangements shall be made with the court reporter by the Party making the designation to label the deposition appropriately.

24.     ATTENDANCE AT DEPOSITIONS.   During depositions of any Party or non-Party, a Party or non-Party claiming that information that is to be disclosed, or upon which questions may be based, is Protected Information may exclude from the room any person who is not a qualified person to receive such information under this Protective Order.  The exclusion of persons pursuant to this paragraph shall not be used to avoid otherwise appropriate examination of a witness concerning Protected Information.

25.     ACCESS TO COURT FILINGS AND EXPERT REPORTS.  Outside Counsel for each Party shall have access to all Protected Information filed with the Court and all expert reports submitted by any Party, to the extent they are permitted under this Protective Order.  To the extent an expert report or filing contains Protected Information, the Producing Party may provide an appropriately redacted copy of the filing or expert report to any Receiving Party not entitled to receive such Protected Information.

26**.**     Except as set forth herein with respect to material designated "ATTORNEYS' EYES ONLY – SOURCE CODE," nothing herein shall restrict an individual entitled under this Protective Order to view Protected Information ("qualified recipient") from making working copies, abstracts, digests, and analyses of Protected Information for use in connection with this litigation.   Further, nothing herein shall restrict a qualified recipient from converting or translating Protected Information into machine readable form for incorporation into a data retrieval system used in connection with this action, provided that access to Protected Information, in whatever form stored or reproduced, shall be limited to qualified recipients.

## NON-PARTY USE OF THIS PROTECTIVE ORDER

27.     A non-Party producing information pursuant to a subpoena or a court order may designate such material or information in the same manner and shall receive the same level of protection under this Protective Order as any Party to this lawsuit.

28.     A non-Party's use of this Protective Order to protect its information does not entitle that non-Party access to Protected Information produced by any Party in this case.

## NO WAIVER OF PRIVILEGE

29.     Inspection or production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege or immunity from discovery if, as soon as reasonably possible after the Producing Party becomes aware of any inadvertent or unintentional disclosure, the Producing Party designates any such documents as within the attorney-client privilege or work product immunity or any other applicable privilege or immunity and requests return of such documents to the Producing Party.  The Producing Party must thereafter promptly list such documents on a privilege log.  Upon receiving the request from the Producing Party, the Receiving Party shall promptly return or destroy all copies of such inadvertently produced document(s) and shall make no further use of such document(s).  Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court.

## MISCELLANEOUS PROVISIONS

30.     Inadvertent failure to identify documents or things as "CONFIDENTIAL;" "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SOURCE CODE" information pursuant to this Protective Order shall not constitute a waiver of any otherwise valid

claim for protection, provided that the provisions of this paragraph are satisfied.  If the Producing Party discovers that information should have been but was not designated "CONFIDENTIAL**;"** "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SOURCE CODE," the Producing Party must immediately notify all other Parties.  In such event, within seven (7) calendar days of notifying all other Parties, the Producing Party must provide copies of the "CONFIDENTIAL;" "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SOURCE CODE" information designated in accordance with this Protective Order.  After receipt of such re-designated information, this "CONFIDENTIAL;" "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SOURCE CODE" information shall be treated as required by this Protective Order.  The Receiving Party shall have no liability, under this Protective Order or otherwise, for any disclosure of information contained in unlabeled or mislabeled documents or things occurring before the Receiving Party was placed on notice of the Producing Party's claims of confidentiality.

31.     Any of the notice requirements herein may be waived, in whole or in part, solely by a writing signed by an attorney of record for the Party against whom such waiver will be effective.

32.     Within sixty (60) calendar days after the entry of a final, non-appealable judgment or order or the complete settlement of all claims asserted against all Parties in this action, each Party shall, at the option of the Producing Party, either return or destroy all physical objects and documents which contain Protected Information which were received from the Producing Party, and shall destroy, in whatever form stored or reproduced all other physical objects and documents which contain Protected Information, except that each Party's outside counsel may maintain all documents, things, copies and samples to the extent they include or reflect a

Receiving Party's work product.   In addition, each Party shall certify in writing to each Producing Party that such Protected Information has been returned or destroyed as required above.   Notwithstanding the foregoing, outside counsel of record shall be entitled to maintain copies of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at trial, provided, however, that any Protected Information contained in any such documents retained by outside counsel of record shall remain subject to the protections of this Protective Order.   Information retained by outside counsel or on computer storage media in the normal course of computer system maintenance or backup is not subject to the terms of this paragraph, but is and remains subject to all other restrictions set forth herein until such time as such information is destroyed.

33.     If at any time documents containing Protected Information are subpoenaed by any court, arbitral, administrative, or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to the Producing Party and to its counsel and shall provide the Producing Party with an opportunity to object to the production of such documents.   If a Producing Party does not take steps to prevent disclosure of such documents within ten (10) calendar days of the date written notice is given, or the date set forth in the subpoena for production, which ever is sooner, the party to whom the referenced subpoena is directed may produce such documents in response thereto.

34**.**     In the event a Party wishes to use any Protected Information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this action, such Protected Information used therein shall be filed under seal with the Court.   The Clerk of this Court is

directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal with the Court in this action which have been designated, in whole or in party, as "CONFIDENTIAL;" "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SOURCE CODE."

35.     The United States District Court for the Eastern District of Texas, Tyler Division, is responsible for the interpretation and enforcement of this Protective Order.  All disputes concerning documents or information covered under this Protective Order, however designated, produced under the protection of this Protective Order shall be resolved by the United States District Court for the Eastern District of Texas, Tyler Division.

36.     Nothing in this Protective Order shall limit any Party's use of its own documents and information, nor shall it prevent any Party from disclosing its own CONFIDENTIAL INFORMATION or documents to any person.  Such disclosure shall not affect any designations made pursuant to the terms of this Protective Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

37.     Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients who are a Party to this litigation and, in the course of rendering such advice, relying upon the examination of designated material.  In rendering such advice and otherwise communicating with the client, however, counsel shall not make specific disclosure of any Protected Information, except as permitted by this Protective Order.

38.     This Protective Order shall govern until modified or superseded by a further Order of this Court and is without prejudice to any Party moving to amend this Protective Order at a later time.  This Protective Order may be altered by written agreement of the Parties or, as applicable, the Parties and any non-Party.

39.    This Protective Order shall be binding upon the Parties, and their respective attorneys, successors, executors, personal representatives, administrative, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.  This Protective Order shall remain in full force and effect after the termination of this litigation, or until canceled or otherwise modified by Protective Order of this Court.

**So ORDERED and SIGNED this 9th day of December, 2009.**

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| i2 Technologies US, Inc., and<br>i2 Technologies, Inc.,<br><br>      Plaintiffs,<br><br><br>      v.<br><br>Oracle Corporation, and<br>Oracle USA, Inc.,<br><br>      Defendants. | Civil Action No. 6:09-CV-194-LED<br><br>JURY TRIAL REQUESTED |

## EXHIBIT A - UNDERTAKING

I have read and understand the Agreed Protective Order (the **"**Protective Order") in the above-captioned case (a copy of which is attached and whose definitions are incorporated herein) and I attest to my understanding that access to information designated as "CONFIDENTIAL**,"** "ATTORNEYS' EYES ONLY**,**" or "ATTORNEYS' EYES ONLY – SOURCE CODE" may be provided to me and that such access shall be governed by the terms and conditions and restrictions of the Protective Order.  I agree to be bound by the terms of the Protective Order and hereby subject myself to the jurisdiction of the Court for all purposes related to the Protective Order.

I shall not use or disclose any "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY – SOURCE CODE" information to others, except in accordance with the Protective Order.  I also understand that, in the event that I fail to abide by the terms of this Undertaking or the Protective Order, I may be subject to sanctions by way of contempt of court and to separate legal and equitable recourse by the adversely affected Producing Party.

Date: _____          Signature:_____

                                       Printed Name:_____

                                       Address: _ _____

                                       _____

     I state under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

Executed on_____, 20____.      _____
                                                   Signature